**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:23-CR-00012-JDK** |
| v. | § | |
| | § | |
| | § | |
| **RICKEY SCOTT BESSETTE,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 25, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Rickey Bessette. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 29 and a criminal history category of V, was 120 months. The offense carried a maximum imprisonment term of 10 years. On July 7, 2014, District Judge David C. Godbey of the Northern District of Texas sentenced Defendant to 120 months imprisonment followed by two years of supervised release, subject to the standard conditions of release, plus special conditions to include participation in substance abuse treatment, testing, abstain from alcohol use, and a $100 special assessment. On July 30, 2021, Defendant completed his term of imprisonment and began his term of supervised release. On December 16, 2022, a transfer of jurisdiction occurred transferring his supervision to this district.

Under the terms of supervised release, Defendant was required to answer truthfully all inquiries by the probation officer. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to answer truthfully all inquiries by the probation officer on December 15, 2022. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to answer truthfully inquiries by the probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 12 months and 1 day imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 12 months and 1 day imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of July, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE